**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| ROBERT SMITH and LOUIS GROOMS, JR., Individually and on behalf of all others similarly situated,<br>Plaintiffs, | ) | Case No. ________________ |
| v. | ) | **JURY TRIAL DEMANDED** |
| EPSI, INC.,<br>Defendant. | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiffs ROBERT SMITH and LOUIS GROOMS, JR. (hereinafter "Plaintiffs"), each individually and on behalf of all other similarly situated persons, brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant and would show as follows:

## I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers.

2. Defendant failed to pay Plaintiffs in accordance with the Fair Labor Standards Act in that Defendant failed to pay Plaintiffs the required minimum wage. Plaintiffs bring this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

3. Plaintiff Robert Smith is an individual who was employed by Defendant within the meaning of the FLSA within the three-year period preceding the filing of this complaint. He hereby consents to be a party in this action and his consent form is attached as "Exhibit A."

4. Plaintiff Louis Grooms, Jr., is an individual who was employed by Defendant within the meaning of the FLSA within the three-year period preceding the filing of this complaint. He hereby consents to be a party in this action and his consent form is attached as "Exhibit B."

5. The Plaintiffs and potential Plaintiffs are Defendant's current and former hourly-paid, non-exempt workers.

6. Defendant EPSI, Inc., is a Texas corporation and can be served with process through its registered agent Mac Mekonnen at 3216 Country Place, Heath, Texas 75032 or wherever else he may be found.

## III. JURISDICTION AND VENUE

7. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

8. Venue is proper in the Eastern District of Texas because the actions forming the basis of this lawsuit occurred in this District.

9. Plaintiffs were employed by Defendant as delivery drivers its Domino's Pizza stores in Gresham, Texas or in Tyler, Texas, which are located within this Division.

## IV. COVERAGE

10. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs and the potential Plaintiffs.

11. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13.     At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14.     At all times hereinafter mentioned, Plaintiffs and potential Plaintiffs were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.     FACTUAL ALLEGATIONS

15.     Defendant EPSI, Inc. is a company that owns and operates approximately 36 Domino's Pizza franchises in Texas, Oklahoma, and Arkansas. The business is a domestic for-profit corporation that does more than $500,000.00 in business each year.

16.     Defendant employs delivery drivers in its Domino's Pizza stores. These delivery drivers all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

17.     In addition to their primary duties, Defendant's delivery drivers are also required to answer telephones, prepare food orders, prepare ingredients, fold pizza boxes, wash dishes, and clean. These activities are non-tipped and Defendant's delivery drivers spend more than 20% of their work time performing these non-tipped duties.

18. Defendant pays its delivery drivers $6.00 per hour for all time worked, including time spent performing non-tipped duties. Defendant also claims a tip credit applicable to all of Plaintiffs' work time that supposedly increased Plaintiffs' wages to $7.25 per hour.

19. Defendant also requires its delivery drivers to pay for and maintain safe, legally-operable, and insured automobiles when delivering pizza and other food items.

20. Defendant's delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizzas for the primary benefit of Defendant.

21. Defendant's delivery drivers are reimbursed for the use of their vehicles on a per-delivery basis without regard to the actual mileage driven. This per-delivery reimbursement calculation falls far below the IRS mileage reimbursement rate or any other reasonable approximation of the cost to own, maintain, and operate a motor vehicle. This policy applies to all of Defendant's delivery drivers.

22. During the applicable FLSA limitations period, the IRS business mileage reimbursement rate ranged between $.535 and $.58 per mile. Likewise, the American Automobile Association ("AAA"), among other reputable companies, have studied the cost of owning and operating a motor vehicle and reasonable reimbursement rates. According to AAA and others, the average cost of owning and operating a vehicle ranged between $.531 and $.580 per mile during the same time period, for sedans driven 15,000 miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

23. The driving conditions associated with the pizza delivery business cause more frequent wear and higher subsequent repair and maintenance costs, in addition to more rapid depreciation. Defendant's delivery drivers also experience lower gas mileage and higher repair costs than the

average driver, as was used by AAA in determining their rates. This is due to frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

24. Defendant's reimbursement policy is insufficient to reimburse delivery drivers for even their ongoing out-of-pocket expenses, let alone other costs they incur to own and operate their vehicle. Thus, Defendant uniformly fails to reimburse its delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendant's benefit.

25. Defendant's systematic failure to adequately reimburse automobile expenses essentially requires Plaintiffs and Defendant's other delivery drivers to subsidize Defendant's expenses for property, plant, and equipment. This constitutes a windfall to Defendant because the hourly wages they pay to Plaintiffs and Defendant's other delivery drivers are not paid free and clear of all outstanding obligations to Defendant.

26. Further, Defendant fails to maintain a calculation of the number of miles driven by each delivery driver and cannot reasonably approximate its delivery drivers' automobile expenses. Such a failure to reasonably approximate and reimburse its delivery drivers for their automobile expenses diminishes its delivery drivers' net wages to beneath the minimum amount required by federal law.

27. Regardless of the precise amount of the reimbursement at any given point in time, Defendant's reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal minimum wage.

28. During Plaintiffs' employment by Defendant, the per-delivery reimbursement rate at the stores where Plaintiffs worked was $1.00 for the first delivery on a trip, $.85 for the second delivery

on a trip, and $.75 for each additional delivery on a trip, without regard to the number of miles actually driven.

29. Approximately 65% of Plaintiffs' trips were for a single delivery. Approximately 30% of their trips include a second delivery and approximately 5% include a third delivery. Plaintiff's weighted average reimbursement rate per delivery was approximately $.94 per delivery ((65% x $1.00) + (30% x $.85) + (5% x $.75) = $.94).

30. During their employment with Defendant, Plaintiffs experienced an average round-trip delivery distance of approximately 5 miles per delivery, including multiple deliveries.

31. Thus, during the applicable limitations period, Defendant's average effective reimbursement rate for Plaintiffs was approximately $.19 per mile ($.94 per delivery / 5 average miles per delivery).

32. During the recovery time period, the lowest IRS business mileage reimbursement rate has been $.535 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. Using that IRS rate as a reasonable approximation of Plaintiffs' automobile expenses, every mile driven on the job decreased his net wages by at least $.345 ($.535 - $.19) per mile. Considering Plaintiffs' estimate of approximately 5 average miles per delivery, Defendant under-reimbursed them about $1.725 per delivery ($.345 x 5 miles).

33. During Plaintiffs' employment by Defendant as delivery drivers, Plaintiffs averaged approximately 2 deliveries per hour.

34. Thus, Plaintiffs were consistently required to subsidize Defendant's maintenance of property, plant, and equipment by approximately $3.45 per hour ($1.725 per delivery x 2 deliveries per hour), for an effective hourly wage rate of about $3.80 ($7.25 per hour – $3.45). This calculation presumes for this purpose that Defendants' tip credit did not violate the "20% rule."

35. All of Defendant's delivery drivers had similar experiences to those of Plaintiffs. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid similar cash wages before deducting unreimbursed business expenses.

36. Even assuming that Defendant paid its delivery drivers the federal minimum wage, the delivery drivers' unreimbursed automobile expenses caused the delivery drivers to subsidize Defendant's expenses for maintenance of property, plant, and equipment in an amount sufficient to cause minimum wage violations.

37. While the amount of Defendant's actual reimbursements per mile may vary over time, Defendant is relying on the same flawed policy and methodology with respect to all delivery drivers at all of its other Domino's Pizza stores. Thus, although reimbursement amounts may differ minorly by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

38. Defendant's low reimbursement rates were frequently raised to Defendant by some of Defendant's delivery drivers, yet Defendant continued to reimburse at a rate much less than any reasonable approximation of delivery drivers' automobile expenses.

39. The net effect of these policies is that Defendant knowingly and willfully failed to pay the federal minimum wage to its delivery drivers, or does so with reckless disregard to the requirements imposed by federal law. Defendant thereby enjoys ill-gained profits at the expense of its employees.

## VI.   COLLECTIVE ACTION ALLEGATIONS

40. Plaintiffs bring these claims under the FLSA as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

41. Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging Defendant's practice of failing to pay employees federal minimum wage. The number and identity of potential Plaintiffs yet to opt-in may be ascertained from Defendant's records, and potential Plaintiffs may be notified of this lawsuit once they are identified.

42. Plaintiffs and all of Defendant's delivery drivers are similarly situated in that:

   a. They have worked as delivery drivers for Defendant delivering pizza and other food items to Defendant's customers;

   b. They have spent more than 20% of their work time performing non-tipped duties that are routinely assigned;

   c. They have been paid a similar sub-minimum wage, including tips, for all of their work time, including time spent performing non-tipped duties;

   d. They have delivered pizza and food items using automobiles not owned or maintained by Defendant;

   e. Defendant required them to maintain these automobiles in a safe, legally-operable, and insured condition;

   f. They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendant;

   g. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

    h.    They were subject to the same pay policies and practices of Defendant;

    i.    They were subject to the same delivery driver reimbursement policy that underestimates automobile expenses, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks; and

    j.    They were reimbursed similar amounts of automobile expenses.

43.    Defendant's failure to compensate employees as required by the FLSA results from a policy or practice of not paying for time at the rate specified by the FLSA. This policy or practice was applicable to Plaintiffs and the potential Plaintiffs. Application of this policy or practice does not depend on the personal circumstances of Plaintiffs or those joining this lawsuit. Rather, the same policy or practice applied to Plaintiffs and potential Plaintiffs.

44.    Defendant was aware of its obligation to pay the federal-required minimum wage to Plaintiffs and the potential Plaintiffs and failed to do so. Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the potential Plaintiffs.

## VII.    CAUSE OF ACTION 1: VIOLATION OF THE FLSA BY PAYING SUB-MINIMUM WAGES TO "NON-TIPPED" EMPLOYEES

45.    Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

46.    Employees who spend more than 20% of their work time performing non-tipped duties that are routinely assigned, such as general preparation and maintenance work, cannot be considered "tipped employees" with respect to whom the employer may utilize a tip credit during the time

spend performing non-tipped duties. 29 C.F.R. § 531.56(e); DOL Field Operations Handbook § 30d00(e).

47.  Plaintiffs and Defendant's other delivery drivers have engaged in non-tipped activities that consumed more than 20% of their work time, such as answering telephones, preparing orders, preparing ingredients, folding pizza boxes, washing dishes and cleaning. Therefore, Defendant is not entitled to claim a tip credit.

48.  Defendant has not paid its delivery drivers the full applicable minimum wage for all hours worked, including time spent performing non-tipped tasks; consequently, Plaintiffs and the other delivery drivers consistently worked without required pay.

49.  Plaintiffs and all similarly situated delivery drivers are entitled to damages equal to the mandated full minimum wage and the tip credit wage provided within the three years preceding the filing of the Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for whether its conduct was prohibited by the FLSA.

50.  Defendant has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated delivery drivers are entitled to recover an award of liquidated damages in an amount equal the full minimum wage and the tip credit wage for all time spent performing non-tipped duties. Alternatively, should the Court find Defendant acted in good faith or with reasonable grounds in failing to pay the minimum wage, Plaintiff and all similarly situated delivery drivers are entitled to an award of prejudgment interest at the applicable legal rate.

51.  As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees.

## VIII.  CAUSE OF ACTION 2:  VIOLATION OF THE FLSA FOR FAILURE TO PAY MINIMUM WAGES DUE TO UNREIMBURSED AUTOMOBILE EXPENSES

52.    As previously alleged herein, Defendant has reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

53.    Defendant knew or should have known that its pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

54.    Defendant, pursuant to its policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiffs and other similarly situated employees.

55.    Plaintiffs and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendant's stores.

56.    Plaintiffs and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether its conduct was unlawful.

57.    Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should

the Court find Defendant is not liable for liquidated damages, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

58.   As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendant from Plaintiffs and all similarly situated employees.

## IX.   JURY DEMAND

59.   Plaintiffs hereby request a trial by jury of all issues triable by jury.

## X.   RELIEF SOUGHT

60.   WHEREFORE, cause having been shown, Plaintiffs pray for judgment against Defendants as follows:

   a.   For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for compensatory damages for unpaid back wages due to Plaintiffs (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit); and

   b.   For an Order awarding Plaintiffs (and those who may join in the suit) the costs of this action;

   c.   For an Order awarding Plaintiffs (and those who may join in the suit) attorneys' fees; and

   d.   For and Order awarding Plaintiffs (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

   e.   For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**M. SHANE MCGUIRE**
*ATTORNEY IN CHARGE*
Texas Bar No. 24055940
**DANIEL A. COOK**
*CO-COUNSEL*
Texas Bar No. 24097525
THE MCGUIRE FIRM, PC
102 N. College, Suite 301
Tyler, Texas 75702
903.630.7154 phone
903.630.7173 fax
shane@mcguirefirm.com
daniel@mcguirefirm.com
**ATTORNEYS FOR PLAINTIFF**